NYCTL 2012-A Trust v 1698 Lex Corp. (2019 NY Slip Op 01347)





NYCTL 2012-A Trust v 1698 Lex Corp.


2019 NY Slip Op 01347


Decided on February 26, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 26, 2019

Sweeny, J.P., Manzanet-Daniels, Webber, Oing, Singh, JJ.


8497 155415/13

[*1]NYCTL 2012-A Trust, et al., Plaintiffs,
v
1698 Lex Corporation, Defendant-Appellant, Residential Funding Corporation, et al., Defendants, Tower Lexington Inc., et al., Intervenor Defendants-Respondents.


Kossoff PLLC, New York (Stacie Bryce Feldman of counsel), for appellant.
Butler, Fitzgerald, Fiveson & McCarthy, P.C., New York (David K. Fiveson of counsel), for respondents.



Order, Supreme Court, New York County (Judith N. McMahon, J.), entered July 12, 2018, which granted intervenor defendants' motion to confirm a referee's report, dated May 31, 2018, and denied defendant 1698 Lex Corp.'s cross motion to reject the report, unanimously affirmed, without costs.
Defendant 1698 Lex Corp. seeks an order vacating the sale of its property at an auction held following foreclosure on a tax lien, on the ground that the price realized was unconscionably low and that the principals of intervenor defendants, Louis Zazzarino and Yossef Azour, may have improperly colluded to suppress bidding. The matter was referred to a referee to hear and report on the issue of whether Zazzarino and Azour "engaged in fraud, collusion and/or misconduct at the Sale, [so] as to cast suspicion upon the fairness of the Sale, thereby mandating its vacatur." The referee concluded that defendant failed to establish fraud, collusion or misconduct by Zazzarino and Azour, and recommended dismissing the action.
Contrary to defendant's contention, the one-sentence order on appeal confirming the referee's report is not deficient for failing to "state the facts it deems essential" (CPLR 4213). CPLR 4213 is not applicable, because the order was not issued after a nonjury trial. The applicable provision is CPLR 2219(a), which governs the time and form of an order determining a motion and provides that the judge shall "give the determination . . . in such detail as the judge deems proper."
Defendant failed to demonstrate that the referee exceeded her authority or that the report was otherwise inadequate. The referee recommended that the matter be dismissed, having concluded, after hearing testimony, that Zazzarino and Azour did not engage in fraud or collusion — the very issue that was referred to her (see CPLR 4311). The report, which referred to an [*2]intermediate order considering intervenor-defendants' motion for a directed verdict, adequately complies with the requirements of CPLR 4320.
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 26, 2019
CLERK